ELIZABETH DONAHUE, ETC., *v.* W. A. THOMAS, ETC.

**Bail—Forfeiture—Surety—Indemnity—Reward—Expense of Recapture—Lawyer's Fees.**

Where a surety is indemnified against loss by reason of the forfeiture of a bail bond, he is entitled to recover against the indemnitor all the expenses incurred in the recapture of the defendant, including the amount of the reward paid to the parties apprehending and arresting the criminal.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 13, 1871.

OPINION BY JUDGE PETERS:

This suit was brought to foreclose a mortgage executed by appellants to Algin Thomas, James S. Thomas, Taylor Fitzpatrick and Wm. F. Hanks to secure them as the sureties of George W. Donahue in their bail bonds for his appearance in court to answer to three indictments for felonies, the penalty being $875 in each bail bond. From the copies filed it appears Algin Thomas was the surety on the first, Wm. T. Fitzpatrick and James Thomas were the sureties on the second, and appellants and Wm. F. Hanks were the sureties on the third. The undertaking by the appellants was that if the mortgages should to any extent or in any way be made liable as bail on the bonds of the said Donahue and should incur any liability or loss by reason of being such bail, they would pay the same.

George W. Donahue failed to appear and answer the charges and the bonds were forfeited, but before judgments were rendered appellees, with John Fitzpatrick and Thomas Greenwade, the last two being his sureties on a fourth bail bond, by printed advertisements containing a description of G. W. Donahue, offered a reward of five hundred dollars for his capture and delivery to the jailor of Montgomery county. Shortly after this was done he was captured in Lee county, Virginia, and brought and delivered to the jailer of Montgomery county, and the three men who captured and brought him back claimed and received the reward paid by A. Thomas.

One of appellees claimed a considerable sum for money expended in expense and for time lost in going to the state of

Missouri in endeavoring to take Donahue, and they claim lawyers' fees and other expenses in resisting the motion for judgments against them on said forfeited recognizances. For these sums and the five hundred dollars which they allege they paid the captors of Donahue, they sought judgment. The cases on the forfeited recognizances against said mortgages were dismissed.

The Court below rendered judgment for the sum of $500 with interest from the 21st of December, 1868, till paid, also for $83.50 and for $19.10 with interest from date of judgment till paid, and costs, and for a sale of so much of appellant's land as would be sufficient to pay said sums. Of this judgment appellants complain.

John Fitzpatrick and Thomas Greenwade being the sureties of said Donahue on another bail bond were interested alike with appellees in his capture, united in the offer of the reward of five hundred dollars and were bound for their respective portions. John Fitzpatrick proves that A. Thomas sued him for his part, viz.: $100, and that he had actually paid it. Thomas Greenwade proves he united in offering the reward; that he had assumed to pay to appellant, A. Thomas, $100, and although he had not paid it, still he was bound for and able to pay the same, and had real and personal estate more than sufficient to pay subject to execution.

He joined in the offer of the reward; was interested in the capture of George Donahue; was jointly bound with the other parties for the reward and the payment of the whole by appellee; was a payment for Thomas Greenwade, his joint obligor, to the extent of his part of the reward, and before he can make appellants responsible for T. Greenwade's part he must show that he has prosecuted his claim against him to legal insolvency.

With this evidence in the case it was erroneous to adjudge to appellees more than three hundred dollars with interest thereon for the reward paid for the capture of Donahue until after appellee had failed by suit to coerce the $100 out of T. Greenwade. Nor did the evidence authorize any judgment for money asserted to have been expended in the trip to Missouri, which seems to have been included therein.

If appellants were not willing for the special judge to try the case they should have objected at the time, but having failed to do so, they waived any objections and it is too late to complain for the first time in this court.

But for the errors indicated the judgment is reversed and the cause is remanded with directions to render judgment against appellants for $300 with interest from the 21st of December, 1868, till paid, also $19.10 costs, and for twenty dollars attorneys' fees for resisting the motions for payments on the forfeited recognizances credited by the $30 paid by appellants, and for the payment of the amounts specified, the mortgaged estate should be sold if not otherwise paid. Appellees will be entitled to their costs in the court below.

*Holt,* for appellants.

*Turner & Cornelison,* for appellee.